UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-86-KSF

BEATRICE RILEY                                                                                                                                   PLAINTIFF

vs.                             **OPINION AND ORDER**

SODEXHO, INC.                                                                             DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motions of Defendant to Strike Amended Complaint [DE #6], of Plaintiff to Remand [DE #7], and of Plaintiff to File Amended Complaint [DE #9]. Having been fully briefed, these motions are ripe for review.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's complaint filed in Madison Circuit Court on March 6, 2007, alleged she was wrongfully terminated in November 2004 on the basis of age discrimination, discrimination because of disability, and worker's compensation retaliation. The complaint omitted an allegation of a specific sum in damages, in compliance with Kentucky Rule of Civil Procedure 8.01(2), but it generally sought "compensatory and actual damages, humiliation and embarrassment and other non-pecuniary damages allowed by law for the unlawful discrimination against Riley both in the past, present and future, including impairment of Riley's abilities to earn income"; "all relief allowed under K.R.S. § 342 including lost compensation, actual monetary losses, interest on actual monetary losses"; "all expenses and costs for bringing this action including statutory [sic] allowed attorney fees"; and "all other equitable and legal relief to which Riley may appear entitled...." Complaint, p. 5.

Defendant removed the action to this court and filed its answer on March 26, 2007. On March 28, 2007, Plaintiff filed an unverified Amended Complaint in Madison Circuit Court alleging

that her claims for damages do not exceed $75,000 [DE #5]. Defendant supplemented the state court record previously filed in this Court, and moved to strike the Amended Complaint as improperly filed without leave of court or consent of the defendant [DE #6]. It further noted that the Amended Complaint was post-removal action that would not affect the jurisdiction of this Court. Plaintiff moved in this Court to file an Amended Complaint denying the jurisdictional amount [DE #9] and filed a Response, but no affidavit, saying that she currently receives Social Security disability benefits and "would not qualify for the lost wages otherwise available." [DE #8, p. 2]. Defendant responded that the "claims" of Plaintiff at the time of removal are controlling and events subsequent to removal do not deprive the federal court of jurisdiction [DE #13].

Plaintiff also moved to remand, alleging that the amount in controversy is less than $75,000, making removal improper [DE #7]. Defendant responded with legal arguments as to why the motion should be denied. Solely for purposes of meeting its burden to show that Riley's claims at the time of removal more likely than not exceed the jurisdictional minimum, Defendant calculated potential damages as follows: potential back pay as of April 2007 – as much as $49,280; potential front pay – at least $21,120 per year; and claims for statutory attorney fees and embarrassment and humiliation – at least $10,000, for a total in excess of $80,000 [DE #12].

## II.   ANALYSIS

### A.   Motion to Strike Amended Complaint Filed in Madison Circuit Court

Plaintiff does not deny that her Amended Complaint was improperly filed in the Madison Circuit Court following removal and filing of an answer by Defendant. When notice of removal is given to a state court, it "effect[s] the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Once an answer is filed, a party may amend "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. !5(a). In response to Defendant's Motion to Strike, Plaintiff simply points to her new Motion to File Amended Complaint, which was filed in this Court on the same day as her Response. Plaintiff 's

2

original Amended Complaint filed in state court was not properly filed. Defendant's Motion to Strike is well taken and is granted.

### B. Motion to Remand

Diversity jurisdiction requires that the amount in controversy exceed "the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332 (2007). Federal jurisdiction in a diversity case is determined as of the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). When considering a motion to remand, the court looks to "whether the action was properly removed in the first place." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). In a case such as this, where the plaintiff's complaint does not specify an amount of damages and does not affirmatively deny that damages will exceed $75,000, the burden is on the defendant seeking removal "to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

> This standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.

*Id.*, quoting *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Instead, the burden on the defendant is to show that, "at the time of removal, the amount in controversy was 'more likely than not' above" $75,000. *Rogers*, 230 F.3d at 872.

In *Rogers*, the plaintiff affirmatively alleged in her complaint that she was seeking to recover an amount "not exceeding $75,000." *Id.* at 870. However, in an earlier complaint that was voluntarily dismissed, Rogers estimated her damages at $447,000 in response to interrogatories. Wal-Mart removed the second complaint based on the earlier estimate. Rogers moved to remand and provided an affidavit and stipulation that her total damages would not exceed $75,000. Relying on the holding in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938) that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below

3

the statutory limit do not oust jurisdiction," the court concluded that "post-removal stipulations do not create an exception to the rule articulated in *St. Paul*." *Id.* at 872. Because Tennessee law would allow Rogers to recover damages in excess of her prayer in the complaint, the court held that "it was 'more likely than not' that her damages would exceed $75,000." *Id.* at 873.

At the time of removal in the present case, the Defendant had records of the Plaintiff's prior earnings as its employee. Based upon that information and the date of Plaintiff's termination, it could reasonably calculate the potential damages sought by Plaintiff through her claims for back pay, front pay, humiliation, embarrassment and statutorily authorized attorney fees. It "very modest[ly]" estimated her lost income claims, excluding benefits, at $70,400, and the claims for embarrassment, humiliation and attorney fees to be at least $10,000 [DE #2, p. 2]. Plaintiff does not dispute these estimates. Instead, she provides post-removal information, and admits the Defendant "is unaware" of it, that her claims for lost wages in the Complaint may not be meritorious [DE # 8, p. 1]. In *St. Paul*, the court said:

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*St. Paul*, 303 U.S. at 293. Moreover, Kentucky, like Tennessee in *Rogers*, provides in CR 54.03(2) that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

The facts and circumstances of the present case are distinguishable from *Cole v. Great Atlantic & Pacific Tea Co*, 728 F. Supp. 1305 (E.D. Ky. 1990), where the defendant had no basis other than speculation to estimate damages, and *Fenger v. Idexx Laboratories, Inc.*, 194 F. Supp.2d 601 (E.D. Ky. 2002) where the plaintiff offered to settle for $56,000 before suit was filed. Additionally, in *Fenger* the defendant made no response to the motion to remand and, thus, no showing that any additional amount of damages was more likely than not.

4

Accordingly, it is the opinion of this Court that Defendant has met its burden of showing, at the time of removal, the amount in controversy was more likely than not above $75,000. Plaintiff's post-removal motion to file a verified amended complaint does not oust the jurisdiction of this Court once it has attached. *St. Paul*, 303 U.S. at 293; *Rogers*, 230 F.3d at 872. Certainly, the improperly filed, unverified complaint in Madison Circuit Court and the non-binding statement in the motion to remand have no impact on this Court's jurisdiction. Plaintiff's Motion to Remand is denied.

    **C.**    **Motion to File Amended Complaint**

A district court may deny a plaintiff leave to amend his or her complaint when the proposed amendment would be futile. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006), citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). In *Johnston v. O'Neill*, 130 Fed. Appx. 1, 6 (6th Cir. 2005), the plaintiff sought to amend his complaint to add a claim of malicious prosecution against his employer, the Treasury Department. Johnson had not exhausted his administrative remedies, however, and the district court would lack jurisdiction over such a claim if the amendment were filed. The Sixth Circuit held the amendment was properly denied as futile.

In the present case, the proposed amendment states only that Plaintiff's "claims for damages are for an amount that does not exceed $75,000.00, exclusive of interest and costs." [DE #10]. The obvious purpose of the proposed amendment is to reduce the damages claimed in the Complaint to an amount less than the jurisdictional limits of the district court so that the case might be subject to remand. That effort is futile, however, since "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul*, 303 U.S. at 293. "[W]e hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. Plaintiff's motion to amend her complaint is denied as futile.

5

III.     CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A.     Defendant's Motion to Strike Amended Complaint [DE # 6] is **GRANTED**;

B.     Plaintiff's Motion to Remand [DE #7] is **DENIED**; and

C.     Plaintiff's Motion to File Amended Complaint [DE #9] is **DENIED**.

This September 5, 2007.



**Signed By:**

*Karl S. Forester*   KSF

**United States Senior Judge**